Jules NETTIS, Plaintiff–Appellant,

v.

Mortimer LEVITT, et al.,
Defendant–Appellees.

No. 03–9121–CV.

United States Court of Appeals,
Second Circuit.

Jan. 25, 2005.

Stanley N. Futterman, New York, NY, for Plaintiff–Appellant.

Ellen August, Goetz Fitzpatrick LLP, New York, NY, for Defendant–Appellees.

PRESENT: STRAUB, KATZMANN,

Circuit Judges, and EATON, Judge.[1]

### SUMMARY ORDER

Plaintiff–Appellant Jules Nettis ("Nettis") appeals from the October 9, 2003 judgment of the United States District Court for the Southern District of New York (Barbara S. Jones, *Judge*) dismissing Nettis's complaint after a jury trial. We assume familiarity with the facts of this case and its procedural context.

■ Nettis argues that the District Court erred in failing to charge the jury on a mixed motive theory of liability under the New Jersey Conscientious Employee Protection Act ("CEPA"). We review Nettis's challenge to the District Court's jury instructions *de novo*. *See LNC Invs., Inc. v. First Fid. Bank,* 173 F.3d 454, 460 (2d Cir.1999). A defendant who challenges a jury instruction must establish that he requested an instruction that "accurately represented the law in every respect." *United States v. Yousef,* 327 F.3d 56, 130 (2d Cir.2003) (internal quotation marks omitted). Nettis originally proposed a "pretext" charge which included some language, in the context of defining the plaintiff's "causal link" burden, that retaliation need only be a contributing factor in the employer's decision. After the District Court apparently rejected this charge and indicated it was going to use the model "pretext" charge, Nettis again requested that the charge include "contributing factor" language in defining the plaintiff's causation burden. At no time did Nettis object to the fact that the District Court was giving a "pretext" charge, or alert the District Court that he wanted both "mixed motive" and "pretext" charges, but rather, Nettis merely indicated that he wanted the causation element

of the current "pretext" charge to include "contributing factor" language. Such a charge would have been an incorrect statement of law because pretext and mixed motive burdens of proof differ in more respects than causation. In a pretext case, after a *prima facie* showing, the burden shifts to the defendant to articulate a legitimate non-discriminatory reason for the adverse employment decision, and if it does so, the plaintiff must satisfy the ultimate burden of proving discrimination by showing that the employer's reason is merely pretext. In a mixed motive case, however, after a *prima facie* showing by the plaintiff, the defendant may avoid liability by proving that it would have made the same employment decision absent the illegitimate consideration. *See, e.g., Donofry v. Autotote Sys., Inc.,* 350 N.J.Super. 276, 795 A.2d 260, 269 n. 4 (2001) ("For a clear explanation of the difference between a pretext and a mixed motive case, *see Starceski v. Westinghouse Elec. Corp.,* 54 F.3d 1089, 1095–98 (3d Cir.1995)); *Starceski,* 54 F.3d at 1095–96 n. 4 (stating that, in a mixed motive case, after a plaintiff has satisfied its burden, "the employer must then produce evidence sufficient to show that it would have made the same decision if illegal bias had played no role in the employment decision"). Accordingly, merely incorporating the motivating factor language into the causation element of the District Court's pretext charge would have been error, because the charge would contain an incorrect statement of the defendants' subsequent burden of proof. Accordingly, because Nettis's proposed instruction did not "accurately represent[ ] the law in every respect," his challenge to the District Court jury in-

1. The Honorable Richard K. Eaton, Judge, United States Court of International Trade, sitting by designation.

structions fails. *See Yousef*, 327 F.3d at 130.

██ Furthermore, though the District Court did not instruct the jury as to the different burden-shifting schemes for "pretext" and "mixed motive" cases—because no "mixed motive" charge was requested—we reject Nettis's argument that the District Court's charge did not adequately convey to the jury the plaintiff's *burden on causation* for a CEPA retaliation claim under either a "mixed motive" or "pretext" theory in instructing the jury that the plaintiff was required to prove a "causal link" between the plaintiff's actions and the adverse action. *See Bergen Commer. Bank v. Sisler*, 157 N.J. 188, 723 A.2d 944, 955 (1999); *Kolb v. Burns*, 320 N.J.Super. 467, 727 A.2d 525, 531 (1999).

Nettis also challenges the District Court's exclusion of evidence concerning a defendant's agreement to indemnify another defendant and evidence regarding Nettis's objection to a proposal regarding sales tax that Nettis argued supported his claim of retaliatory animus. We review the District Court's evidentiary rulings for abuse of discretion. *See, e.g., Meacham v. Knolls Atomic Power Lab.*, 381 F.3d 56, 76 (2d Cir.2004). Having reviewed the record, we conclude that neither of the District Court's rulings constituted an abuse of discretion.

██ Finally, Nettis argues that the District Court erred in dismissing several of the corporate defendants prior to submission of the case to the jury. In dismissing the defendants, the District Court was required to have found that there was "no legally sufficient evidentiary basis" for a reasonable juror to find in Nettis's favor. Fed.R.Civ.P. 50; *see, e.g., This Is Me, Inc. v. Taylor*, 157 F.3d 139, 142 (2d Cir.1998). We review the District Court's decision *de novo*. *See This Is Me, Inc.*, 157 F.3d at 142. As we find no error in the District Court's finding that the evidence was insufficient to establish that Nettis was employed by these defendants, we find their dismissal from the case proper.

We have considered all of Plaintiff–Appellant's arguments and find them to be without merit. Accordingly, the judgment of the District Court is hereby AFFIRMED.